UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Cagatay Cakan,<br><br>    *Petitioner,*<br><br>  v.<br><br>JOSEPH D. McDONALD, Jr., Sheriff, Plymouth County Correctional Facility; PATRICIA H. HYDE, Acting Field Office Director, Boston Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; PAMELA JO BONDI, United States Attorney General, *in their official capacities*,<br><br>    *Respondents.* | Civil Action No.:<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

<u>**PETITION FOR A WRIT OF HABEAS CORPUS**</u>
<u>**PURSUANT TO 28 U.S.C. § 2241**</u>

1

## I.    INTRODUCTION

Petitioner, Cagatay Cakan, ("Mr. Cakan") a lawful permanent resident of the United States, respectfully petitions this Court for a writ of habeas corpus on the ground that he is being detained in violation of federal law and the Due Process Clause of the Fifth Amendment. Mr. Cakan's detention is based on an unwarranted and unreasonable interpretation of 8 U.S.C. §1226. The Immigration and Customs Enforcement Division of the Department of Homeland Security ("ICE") is holding Mr. Cakan in an unlawful, unreasonably prolonged or indefinite detention because it has detained Mr. Cakan after he arrived at Logan Airport in Boston on April 9, 2025 after he had traveled to Turkey to visit his ill father in the hospital ICU and then to the United Arab Emirates for business. He was detained for one day there before he was eventually transferred to the Plymouth County Correctional Facility. Mr. Cakan has been in ICE detention since April 9, 2025 and he has been told that he is not eligible for bond because he is an "arriving alien," despite the fact that he does have a green card and was given authorization to travel while in removal proceedings. There is indeed a removal proceeding going on in the Chelmsford Immigration Court to determine whether or not he is removable. Mr. Cakan was issued a Notice to Appear dated January 2, 2025, which superseded a previously issued Notice to Appear dated August 18, 2024. There is in fact a third Notice to Appear dated December 28, 2020 but it appears to have been dismissed.

Mr. Cakan has retained separate counsel to represent him with his removal proceedings and he will be seeking relief from removal in immigration court. At the moment he has a detained master calendar hearing scheduled for April 28, 2025. Nonetheless, the issue of custody will not be visited because the Department of Homeland Security is erroneously saying that he is an "arriving alien" which would make him ineligible for bond.

2

Despite multiple requests directly to the Department of Homeland Security, Mr. Cakan has been held in ICE detention since his arrest on April 9, 2025 under the mistaken assertion by DHS that he is an arriving alien. It is important to note here that Mr. Cakan suffers from claustrophobia, anxiety, high cholesterol and has been diagnosed with vascular occlusion. He takes medications for these conditions and has only been given aspirin and Lipitor at the Plymouth County Correctional Facility.

## II.    JURISDICTION AND VENUE

1. This action arises under the Due Process Clauses of the Fifth Amendment to the United States Constitution and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 702 (waiver of sovereign immunity), 28 U.S.C. § 1346 (original jurisdiction), and Article I, Section 9, clause 2 of the United States Constitution (the Suspension Clause).

3. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 2241(d) and pursuant to 28 U.S.C. § 1391(b) and (e).

## III.    PARTIES

4. Petitioner-Plaintiff, Cagatay Cakan (Mr. Cakan) is a native and citizen of Turkiye, who is currently detained by ICE at the Plymouth County Correctional Facility. He is 51 years-old. He is also married to Melike Cakan, also a lawful permanent resident, and up until his unlawful and prolonged detention by ICE, has had multiple residences but domiciled in Medfield, Massachusetts. Prior to his detention by ICE, Mr. Cakan was

a successful businessman with businesses in Turkey and the United Arab Emirates which required him to travel frequently to and from the United Arab Emirates. Most likely, he will continue to travel when released.

5. Respondent-Defendant Joseph D. McDonald is the Plymouth County Sheriff and is in charge of overseeing the administration and management of the Plymouth County Correctional Facility, where Mr. Cakan is detained. Defendant McDonald is the legal custodian of Plaintiff. He is sued in his official capacity.

6. Respondent-Defendant Patricia H. Hyde is the ICE Boston Field Office Acting Director. The Boston Field Office is responsible for carrying out ICE's immigration detention operations at all of New England detention centers that house immigration detainees, including Plymouth County Correctional Facility. Defendant Hyde is a legal custodian of plaintiff. He is sued in his official capacity.

7. Respondent-Defendant Kristi Noem is the Secretary of the Department of Homeland Security performing the Duties of the Director of DHS. Defendant Noem is responsible for ICE's policies, practices, and procedures, including those relating to the detention of immigrants. Defendant Noem is a legal custodian of Plaintiff. She is sued in her official capacity.

8. Respondent-Defendant Todd M. Lyons is the Acting Director, United States Immigration and Customs Enforcement. Defendant Lyons is a legal custodian of Plaintiff. He is being sued in his official capacity.

## IV. FACTS

9. Mr. Cakan has been a lawful permanent resident of the United States since September 18, 2001. He obtained his legal status as a beneficiary of the Diversity Visa Lottery Program. It

appears that he has been issued at least three Notices to Appear ("NTA"), one on December 28, 2020, another one on August 18, 2024, and the most recent one dated October 31, 2024. The most recent NTA alleged that Mr. Cakan was subject to removal from the United States under Section 212(a)(7)(A)(i)(I) of the INA in that he is an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

10. Mr. Cakan is married to Melike Cakan, a lawful permanent resident. They have two children together who are also lawful permanent residents.

11. Before Mr. Cakan came into ICE detention, he was a successful businessman with businesses in the United Arab Emirates and other locations. He travels extensively in connection with his business.

12. After Mr. Cakan was issued a Notice to Appear on December 28, 2020, his green card was confiscated and he was issued temporary evidence of his lawful permanent resident status in the form of a white paper card commonly called a temporary I-551 document. The first such temporary evidence of legal status was issued by Customs and Border Protection at Logan Airport on November 15, 2023 and was valid until November 14, 2024. The second temporary evidence of legal status was issued on February 20, 2025 and was valid until February 19, 2026. This is commonly referred to as being "paroled" into the United States.

13. The confusion appears to have stemmed from the fact that on or about April 7, 2025, the Trump administration terminated the parole program for Cuba, Haiti, Nicaragua, and

|    | |
|----|---|
|    | Venezuela.  When Mr. Cakan returned to Boston on April 9, 2025, he was detained by Customs and Border Protection due to the mistaken belief that his "parole" had been terminated.  Mr. Cakan is not a citizen of any of these countries and he was not "paroled" because he was in possession of a document authorizing him to travel in and out of the United States.  There is a clear annotation on the temporary evidence of status that says, "Temp I-551 Document Serves to facilitate work & travel." |
| 14. | Since coming into ICE custody on April 9, 2025, Mr. Cakan has been denied release by ICE after a custody review because he has been categorized as an "arriving alien."  He is a returning resident and, as such, is not subject to mandatory detention or ineligible for bond.  His continued detention is not only clearly erroneous and unreasonable but also unconstitutional. |
| 15. | At a minimum, Mr. Cakan seeks a writ of habeas corpus and release from custody under bond.  He claims that persons such as himself—who are not subject to mandatory detention because they have no criminal convictions at all—are neither a danger to the community nor a flight risk, and are being unreasonably held by ICE and must be released under bond or on an order of supervision.  Mr. Cakan further claims that detention by ICE, for more than two weeks now, is both unreasonable and unconstitutional, contrary to and in violation of 8 U.S.C. §1226 and the Administrative Procedures Act. |

### V.    EXHAUSTION

| | |
|---|---|
| 16. | No prior writ of habeas corpus has been made by Mr. Cakan. |
| 17. | No court has previously addressed the merits of Mr. Cakan's case. |
| 18. | Mr. Cakan contends that he is highly likely to be successful in his removal proceedings before the Immigration Judge or U.S. Citizenship and Immigration Services. |

## VI. PRAYER FOR RELIEF

19. WHEREFORE, Petitioner requests this Honorable court:

   a) order his immediate release, or set a bond hearing under the proper standard as soon as practicable; or in the alternative;

   b) issue an order directed to the Respondents to show cause why the Petitioner should not be released from custody;

   c) grant Petitioner reasonable attorney's fees; and

   d) grant Petitioner such other and further relief as the Court determines appropriate.

## VII. VERIFICATION

20. I, Carlos E. Estrada, hereby declare that the allegations in the attached Petition/Complaint are true and accurate to the best of my knowledge and belief.

Dated: April 24, 2025

Respectfully submitted,

 /s/ Carlos E. Estrada
Estrada Law Office
480 William F. McClellan Hwy.
Suite 203C
East Boston, MA 02128
617-742-3030

## CERTIFICATE OF SERVICE

I, Carlos E. Estrada, hereby swear that on April 24, 2025, I served by certified mail, return receipt requested, postage prepaid, a copy of this Petition for Writ of Habeas Corpus to:

>Joseph D. McDonald, Jr., Sheriff
>Plymouth County Correctional Facility
>24 Long Pond Road
>Plymouth, MA 02360
>
>Kristi Noem, Secretary of Homeland Security
>Office of the U.S. Attorney/Boston District
>One Courthouse Way
>Boston, MA 02210
>
>Patricia H. Hyde, Acting Field Administrator
>DHS Office of Enforcement and Removal
>10 New England Executive Park
>Burlington, MA 01803

 /s/ Carlos E. Estrada
Estrada Law Office
480 William F. McClellan Hwy.
Suite 203C
East Boston, MA 02128
617-742-3030