UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAGATAY CAKAN, | ) )  ) |
| Petitioner, | ) ) |
| v. | ) )  No. 1:25-cv-11094-JEK |
| JOSEPH D. MCDONALD, et al., | ) ) ) |
| Respondents. | ) ) ) |

## ORDER

**KOBICK, J.**

Petitioner Cagatay Cakan, an immigration detainee being held at the Plymouth County Correctional Facility, has filed, through counsel, a petition for a writ of habeas corpus. Upon review, the Court hereby ORDERS as follows:

1. The clerk shall serve a copy of the petition on the respondents and the United States Attorney for the District of Massachusetts.

2. Respondents shall, on or before <u>Monday, April 28, 2025</u>, answer or respond to the petition.

3. Although a United States District Court does not generally have subject-matter jurisdiction to review orders of removal, *see* 8 U.S.C. § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C. § 2241(a). Furthermore, a federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give the Court an opportunity to consider whether it has subject-matter jurisdiction, and if so to determine the validity of the habeas petition, the Court may order

respondent to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (noting that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action. *See id.* at 294-95 (upholding criminal contempt convictions for violations of a preliminary injunction, assuming the District Court had no jurisdiction to decide the underlying matter). This principle applies with even greater force where the action the Court enjoins would otherwise destroy its jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Accordingly, and unless otherwise ordered by the Court, petitioner shall not be moved outside the District of Massachusetts without first providing advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding, and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings. Once that notice has been docketed, the petitioner shall not be moved out of the District for a period of at least 48 hours from the time of that docketing. If the 48-hour notice period "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C). The time period may be shortened or extended as may be appropriate by further order of the Court.

SO ORDERED.

_____
Julia E. Kobick
United States District Judge

Dated: April 24, 2025