## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| CAGATAY CAKAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | Civil Action No. 1:25-CV-11094-JEK |
| | ) | |
| JOSEPH D. McDONALD, Jr. Sheriff, Plymouth | ) | |
| County Correctional Facility, et al, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

---

## PETITIONER'S RESPONSE TO RESPONDENT'S OPPOSITION TO WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241

## INTRODUCTION

The Petitioner, Mr. Cagatay Cakan, is a native and citizen of Türkiye. He became a lawful permanent resident ("LPR") on August 18, 2001 after being selected under the Diversity Visa Lottery Program. He was single at the time and eager to immigrate to the United States. After obtaining his LPR status, he traveled back to Türkiye where he fell in love with his wife. They were married in Türkiye on June 13, 2003. The plan was always to bring her to the United States and live the American dream. Unfortunately, at that time, because he was not yet a U.S. citizen and only a permanent resident, a petition for his wife would require a wait of approximately seven years. As they continued to wait, the couple's first child arrived in February of 2006. Less than two years later in December of 2007, their second child arrived. Faced with the prospect of being separated from his wife and children, not to mention leaving her alone to raise the two infants, he wisely chose to stay with his young family. Eventually, their patience paid off and all three

obtained their lawful permanent resident status on August 25, 2015.  Mr. Cakan and his young family have settled in the suburbs of Massachusetts.  The children are both enrolled in school and continue to thrive academically.  Mr. Cakan and his wife own a home in Medfield, Massachusetts and have been filing income tax returns as Massachusetts residents.  Mr. Cakan has never been arrested, charged with or cited for any criminal violations.  He is neither a flight risk nor a danger to the community because he has substantial ties to the community, including other relatives who have also settled in Massachusetts and, as indicated above, has no criminal history at all.

On April 9, 2025, however, everything came crashing down for Mr. Cakan and his family. As he was returning from a business trip and despite having temporary evidence of his lawful permanent resident status issued by the Department of Homeland Security on February 20, 2025 and having traveled multiple times with this evidence, he was unexpectedly detained by Customs and Border Protection ("CBP") agents and subsequently moved to Plymouth County Correctional Facility in Plymouth, Massachusetts.  He has remained in the custody of Immigration and Customs Enforcement ("ICE") since that day without being able to contest his unreasonable detention.

## ARGUMENT

**A.  There Have Been Multiple Notices to Appear Issued But Currently No Allegation of Abandonment Has Been Made.**

DHS argues that Mr. Cakan is subject to detention because he is arriving alien who does not have a valid visa or evidence of permanent residence.  Presumably, this is because of allegation that he had abandoned his permanent resident status.

By counsel's count, there have been at least four Notices to Appear ("NTA") issued by the Department of Homeland Security.  The first NTA apparently was issued on December 23, 2020

and superseded by a second one dated December 28, 2020.  See <u>Exhibit A</u>.  Neither Notice to

Appear was filed with the Immigration Court and the removal proceedings were dismissed by the

Immigration Judge for lack of prosecution.  The stamp that appears on the first page of the NTA is

evidence that Mr. Cakan attended the hearing but was told that the immigration judge was

dismissing the proceedings.  The stamp was placed by the immigration court staff, which is

evidence that Mr. Cakan was present but the government was not.  A third NTA was again

apparently issued on August 18, 2024 but was superseded by yet a fourth NTA dated October 31,

2024.  See <u>Exhibit B</u>.

While it is not unusual for DHS to withdraw NTAs or issued superseding ones, it is notable

that the second NTA issued in December of 2020, the one where the removal proceedings were

dismissed for lack of prosecution, contains two explicit written allegations that say,

> 4. You have failed to establish and maintain permanent domicile to the United States;
> 5. On or about January 10, 2007 you departed the United States. You then were absent
> for a period exceeding eight years without permission from the Department of Homeland
> Security or the United States Government;

Significantly, the one Notice to Appear that counts, the one dated October 31, 2024 which

is the one under which he is currently in removal proceedings, and which superseded another

Notice to Appear dated August 18, 2024, is missing the one element that makes the bulk of

Respondent's argument in its opposition to Mr. Cakan's petition for a writ of habeas corpus.  This

NTA simply alleges that, "3. You are an immigrant not in possession of a valid unexpired

immigrant visa, reentry permit, border crossing card, or other valid entry document required by

the Immigration and Nationality Act."  It does not in any way allege that Mr. Cakan has abandoned

his permanent resident status, which is what the government has based its argument against Mr.

Cakan's release.  Not only does this error undermine Mr. Cakan's removal proceedings in

immigration court, but it also undermines the government's argument that he is properly being detained and that his detention is justified and does not violate his constitutional rights because his detention is obviously based on a flawed premise. If Mr. Cakan is being held in detention based on a faulty NTA, his constitutional rights are most certainly being violated and this Court has a duty to intervene and right this wrong.

The government argues at great length that this Court has no say in the removal proceedings and that his continued detention is not illegal, but the fact is that Mr. Cakan has conclusive evidence that he is and has been a lawful permanent resident until an immigration judge determines otherwise. His most recent temporary evidence of permanent residence was provided by the Department of Homeland Security on February 20, 2025 and it contains an annotation indicating that it is a "Temp I-551 Document [Green Card] Serves to facilitate work and travel." See Exhibit C. Prior to the issuance of the most recent temporary evidence of LPR status, there were at least two other times DHS provided him with such proof. A simple reading of the annotation on the back of the card would lead anyone to believe that the words "facilitate work and travel" mean travel to the United States without being detained at the airport and sent off to a county jail.

Mr. Cakan has made a colorable claim to LPR status, the burden is now on DHS to prove by clear, unequivocal and convincing evidence that LPR status has changed or been abandoned. *Matadin v. Mukasey*, 546 F.3d 85 (2d Cir. 2008).

"And a lawful permanent resident 'seeking readmission after a temporary absence of less than 1 year,' may present a 'valid, unexpired Form I–551, Permanent Resident Card' in lieu of a visa. 8 C.F.R. § 211.1(a)(2). If a lawful permanent resident has remained abroad for a longer period, however, she may still be admitted without entry documents if she qualifies as a returning resident, i.e., 'a lawful permanent resident returning from a temporary visit abroad.' 8 U.S.C. § 1181(b); 8 U.S.C. § 1101(a)(27)(A). *Id* at 90.

On April 9, 2025 Mr. Cakan had in his possession a "valid, unexpired Form I-551" issued by DHS on February 20, 2025 and was returning from a trip abroad of less than one year.  It is worth noting again that the Notice to Appear, which forms the basis of his removal proceedings, does not allege that he has abandoned his permanent resident status only that he was not in possession of a valid document.  But that allegation is squarely contradicted by the fact that DHS issued him a valid document less than two months before.  Assistant Field Office Director ("AFOD") Keith M. Chan admitted as much in his Declaration attached to the government's opposition.  On Page 5 of the declaration, AFOD Chan declared under the pains and penalties of perjury that "the Petitioner presented himself as a LPR with an unexpired Turkish passport, ***an unexpired Form I-551***, Permanent Resident Card, and an expired Form I-327,[1] Permit to Reenter the United States."  This is a direct contradiction to the allegation being made in the Notice to Appear.

.

### B.  Mr. Cakan is a Returning Resident and His Detention is Not Mandatory as Well as a Violation of Due Process and the Fifth Amendment.

Despite the government's contention that applicants for admission to the United States have limited due process rights, lawful permanent residents are accorded full constitutional rights as to their admission. "When a permanent resident alien's substantial interest in remaining in this country is at stake, the Due Process Clause forbids the Government to stack the deck in this fashion.  Only a compelling need for truly summary action could justify this one-sided proceeding.

---

[1] The fact that Mr. Cakan had in his possession an expired Form I-327 is irrelevant to this discussion because that document was issued to him in 2018 and expired on March 28, 2020.  He was not in any way presenting it to enter the United States because, as explained above, he had in his possession an unexpired Form I-551 issued by DHS.

In fact, the Government's haste in proceeding against Placensia could be explained only by its desire to avoid the minimal administrative and financial burden of providing her adequate notice and an opportunity to prepare for the hearing." *Landon v. Plasencia,* 459 U.S. 21, 41 (1982). In other words, the government cannot detain Mr. Cakan without allowing him to challenge his detention by simply invoking the arriving alien definition or claiming without evidence that he has abandoned his permanent resident status while at the same time providing him with evidence of permanent residence on at least three occasions.

"It is well established that if an alien is a lawful permanent resident of the United States and remains physically present there, he is a person within the protection of the Fifth Amendment. He may not be deprived of his life, liberty or property without due process of law." *Kwong Hai Chew v. Colding,* 344 U.S. 590, 596 (1953). In the instant case, Mr. Cakan has established himself as a member of the community in Massachusetts, has two LPR children and an LPR wife, owns a home and a car, pays taxes, etc. See Exhibit D. It is unconscionable to label him as an arriving alien and deprive him of his right to be free and in the company of his family. He is the exact opposite of a recent arrival with no ties to this country.

There is no question that Mr. Cakan's due process rights have been violated. Another session of this Court has spoken clearly and forcefully on the issue. In *Pensamiento v. McDonald,* 315 F. Supp.3d 684 (2018), albeit in the context of bond hearings, the Court said, "Pensamiento argues that the standard of proof in bond hearings under § 1226(a) must be clear and convincing evidence to provide due process." The Court continued, "In cases where a non-criminal alien's liberty may be taken away, due process requires that the government prove that detention is necessary. See *Foucha,* 504 U.S. at 81-82, 112 S.Ct. 1780; *Addington,* 441 U.S. at 427, 99 S.Ct. at 1804." *Id* at 692. Mr. Cakan is a non-criminal lawful permanent resident whose detention is

wholly unnecessary.  He has a vested constitutional right to be free as a well-established member of the community with an excellent prospect of succeeding on his challenge to the NTA issued against him, which does not even allege that he has abandoned his lawful permanent status.  Mr. Cakan's ties to the community far exceed those of the noncitizens in the cases cited by the government.

## C.  This Court Has Jurisdiction to Hear Mr. Cakan's Petition for a Writ of Habeas Corpus.

The government argues that this Court lacks jurisdiction to decide Mr. Cakan's challenge to his detention and suggests that the proper avenue is for him to go through the administrative process first all the way from the immigration court to the Board of Immigration Appeals and then the First Circuit Court of Appeals.  That process could conceivably take years and it would be wholly inefficient as well as cruel.

In a recent and well-publicized case, the U.S. District Court for the District of Massachusetts has said that District Courts retain jurisdiction when there is a violation of the Constitution.  The Court said,

> "…pursuant to 28 U.S.C. § 2241, which provides in relevant part that "[w]rits of habeas corpus may be granted by … the district courts within their respective jurisdictions" when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "Aliens in custody of federal immigration officials have traditionally been able to obtain review of immigration decisions by petitioning for a writ of habeas corpus under what is now § 2241." Goncalves v. Reno, 144 F.3d 110, 120, 133 (1st Cir. 1998) (concluding that habeas jurisdiction permits a district court to review at least "pure issues of law concerning the applicability of statutory provisions" to immigration decisions); see Raspoutny v. Decker, 708 F. Supp. 3d 371, 379 (S.D.N.Y. 2023) (stating that "Section 2241 permits a federal court to review 'purely legal statutory and constitutional claims' regarding immigration proceedings, but jurisdiction 'does not extend to review of discretionary determinations by the IJ and the BIA' ") (quoting Sol v. I.N.S., 274 F.3d 648, 651 (2d Cir. 2001)). Section 2241 is also the proper vehicle for petitioners challenging their detention by immigration officials pending a decision in immigration matters. Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 11 (1st Cir. 2007) (noting that "[d]istrict courts retain

jurisdiction over challenges to the legality of detention in the immigration context")
(citing Hernández v. Gonzales, 424 F.3d 42, 42 (1st Cir. 2005)); Pensamiento v.
McDonald, 315 F. Supp. 3d 684, 688 (D. Mass. 2018) (observing that "[d]espite ...
jurisdiction-stripping provisions, the district court may still review habeas challenges to
unlawful immigration detention") (citing Aguilar, 510 F.3d at 11). Accordingly, the
Petition, filed under § 2241, is the correct vehicle for [Petitioner] to pursue her challenge
to her arrest and detention upon the revocation of her student visa pending removal
proceedings." Ozturk v. Trump, --- F.Supp.3d ---- (2025); 2025 WL 1009445.

As it stands now, Mr. Cakan has been inexplicably and unlawfully detained for one month.
He is a family man who owns a home in Medfield, owns two cars, and has a wife and two children
waiting for him. Because of his detention, his business is suffering and is on the brink of disaster
because invoices are not being sent, staff are not sure whether they will have a job in the future
and, quite frankly, his entire world has been turned upside down. None of this had to happen were
it not for the arbitrary actions of DHS.

## **CONCLUSION**

For these reasons, Petitioner asserts that his detention is unlawful and violates the
Constitution. This Court has jurisdiction to consider his challenge to the applicability of Section
1225(b)(2). More specifically, the government has not demonstrated by clear and convincing
evidence that Mr. Cakan has abandoned his LPR status. In fact, the government is not even
alleging that in the latest iteration of the Notice to Appear that they are relying on and which forms
the basis of their argument for continued detention. They only argue that he was not in possession
of a valid document. They alleged that in a previous Notice to Appear and they chose not to pursue
that allegation in 2020, resulting in the immigration judge dismissing their case against Mr. Cakan
for lack of prosecution. The government appears to be attempting to resurrect that allegation by

referencing it only peripherally but never making part of the formal allegations.  Because of these

reasons, the Court should grant his request to issue a writ of habeas corpus.

                              Respectfully submitted,
                              Cagatay Cakan,
                              By his attorney.

Dated: May 6, 2025           /s/ *Carlos E. Estrada*
                              Carlos E. Estrada
                              Attorney for Petitioner
                              480 William F. McClellan Hwy., Suite 203C
                              East Boston, MA 02128
                              cestradaesq@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

    I, Carlos E. Estrada, attorney for the Petitioner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: May 6, 2025             */s/ Carlos E Estrada*
                               Carlos E. Estrada

# EXHIBIT

# A

DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

| | Event No: LGN2112000067 |
|---|---|
| In removal proceedings under section 240 of the Immigration and Nationality Act: | |

Subject ID : 187050000  FIN #: 1191872186
SIGMA Event: 35721328   DOB: 11/05/1973                          File No: 047968558
In the Matter of: CAKAN, CAGATAY

Respondent: <u>CAKAN, Cagatay</u> _____ currently residing at:

63 PINE ST,MEDFIELD,MASSACHUSETTS 02052,UNITED STATES OF AMERICA          571-357-8565

(Number, street, city, state and ZIP code)          (Area code and phone number)

[x] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[ ] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following
provision(s) of law:
See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:    [ ] 8CFR 208.30    [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
15 New Sudbury St ROOM 320,
Boston, MA, US 02203; Room 320

(Complete Address of Immigration Court, including Room Number, if any)

on January 26, 2021   at 01:30 PM   to show why you should not be removed from the United States based on the
   (Date)          (Time)

charge(s) set forth above. SPINOS, CAR #353                                    CB POFFICER

                                             (Signature and Title of Iss

Date: December 28, 2020        BOSTON, MASSACHUSETTS

                                             (City and State)

This Notice to Appear supersedes the Notice to Appear issued on December 23, 2020

DHS Form I-862 (2/20)                                                        Page 1 of 4

**1**

## Notice to Respondent

**Warning.** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form 1-589, Application for Asylum and for Withholding of Removal. The Form 1-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form 1-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

_____
_(Signature of Respondent) (Sign in ink)_

Date: **December 28, 2020**

_____
_(Signature and Title of Immigration Officer) (Sign in ink)_

---

### Certificate of Service

This Notice To Appear was served on the respondent by me on **December 28, 2020** , in the following manner and in compliance with section 239(a)(1) of the Act.

[ ] in person  [X] by certified mail, returned receipt # _____ requested    [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____ **ENGLISH** _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

SPINOS, CAR19353
CBP OFFICER _____
_(Signature of Respondent if Personally Served) (Sign in ink)_          _(Signature and Title of officer) (Sign in ink)_

OHS Form 1-862 (2/20)                                        Page 2 of 4

**2**

U.S. Department of Homeland Security                    Continuation Page for Form ___I862___

| Alien's Name | File Number A-047-968-558 | Date |
|---|---|---|
| CAKAN, CAGATAY | SIGMA Event: 35721328 | December 28, 2020 |
|  | Event No: LGN2112000067 |  |

THE SERVICE ALLEGES THAT YOU:
==============================
1. You are not a citizen or national of the United States;
2. You are a native of Turkey and a citizen of Turkey;
3. You were, on September 18, 2001 accorded lawful permanent resident status to the United States;
4. You have failed to establish and maintain permanent domicile to the United States;
5. On or about January 10, 2007 you departed the United States.  You then were absent for a period exceeding eight years without permission from the Department of Homeland Security or the United States Government;
6. On or about August 25, 2015 you applied for a tourist visa at the U.S Consulate in Istanbul, Turkey.
7. On your tourist visa application you indicated "No" to the question, "Have you ever been in the U.S?"
8. On your tourist visa application you indicated your country of residence as Turkey;
9. You then presented that tourist visa to U.S Customs and Border Protection on your following three entries into the United States;
10. You presented a United Arab Emirates Residence permit during your inspection and admitted to living in the United Arab Emirates;
11. On or about December 23, 2020 you arrived into the United States at Boston Logan International Airport in Boston, Massachusetts and applied for admission as a lawful permanent resident.


ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
===========================================================================

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

| Signature | Title |
|---|---|
| SPINOS, CAR19353 | CBP OFFICER |

*Digitally Acquired Signature*

___4___ of ___4___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

# EXHIBIT

# B

DEPARTMENT OF HOMELAND SECURITY
**NOTICE TO APPEAR**

DOB: 11/05/1973

Event No: LGN2112000067

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: 369552689

PINS: 1191872186

File No: 047 968 558

In the Matter of:

Respondent: CAGATAY CAKAN                                                    currently residing at:

63 PINE ST MEDFIELD,MASSACHUSETTS,02052                    (571) 357-8565

(Number, street, city, state and ZIP code)                        (Area code and phone number)

[X] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[ ] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of TURKIYE and a citizen of TURKIYE;

3. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:    [ ] 8CFR 208.30    [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

15 NEW SUDBURY ST RM 320 BOSTON MA 022030002. BOSTON, MASSACHUSETTS

(Complete Address of Immigration Court, including Room Number, if any)

on  January 2, 2025  at  9:00 AM  to show why you should not be removed from the United States based on the

(Date)          (Time)

charge(s) set forth above.

B. 7355 MILANO - SDDO

(Signature and Title of Issuing Officer)

Date: October 31, 2024                                    Burlington MA

(City and State)

This Notice to Appear Supersedes the Notice to Appear issued on August 18, 2024

18

DHS Form I-862 (6/22)

Page 1 of 4

**4**

( v a me) Base City: CHE

### Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589.** Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero,** as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

```
Upon information and belief, the language that the alien understands is TURKISH
```

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

Date: _____

_____
*(Signature and Title of Immigration Officer)*

### Certificate of Service

This Notice To Appear was served on the respondent by me on <u>October 31, 2024</u>, in the following manner and in compliance with section 239(a)(1) of the Act.

☐ in person    ☐ by certified mail, returned receipt # _____ requested    ☒ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
*(Signature of Respondent if Personally Served)*

R+9624 ST. PIERRE - Deportation Officer
_____
*(Signature and Title of officer)*

DHS Form I-862 (6/22)

**5**

19

U.S. Department of Homeland Security                    Continuation Page for Form ___I-862___

| Alien's Name | File Number | Date |
|---|---|---|
| CAKAN, CAGATAY | 047 968 558<br>Event No: LGN2112000067 | 10/31/2024 |

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED
STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
--------------------------------------------------------------------------
--------------------------------------------------------------
212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant
who, at the time of application for admission, is not in possession of a valid unexpired
immigrant visa, reentry permit, border crossing card, or other valid entry document required
by the Act, and a valid unexpired passport, or other suitable travel document, or document
of identity and nationality as required under the regulations issued by the Attorney General
under section 211(a) of the Act.

| Signature | Title |
|---|---|
| B. 7355 MILANO | SDDO |

___4___ of ___4___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

# EXHIBIT

# C





**7**



OMB No. 1651-0111

Upon endorsement, serves as temporary I-551 evidencing permanent residency.

Issue Date **Feb 20, 2025**

Port/ Officer **BOS - 2688**

EMPLOYMENT AUTHORIZED

Valid Until **Feb 19, 2026**

C04046

1. Family Name
**CAKAN**

2. First (Given) Name
**CAGATAY**

3. Birth Date (DD/MM/YY)
**05 11 73**

4. Country of Citizenship
**TURKEY**

5. Sex (Male or Female)
**MALE**

6. Passport Issue Date (DD/MM/YY)
**020920**

7. Passport Expiration Date (DD/MM/YY)
**020930**

8. Passport Number
**U23539190**

9. Airline and Flight Number
—

10. Country Where You Live
**USA**

11. Country Where You Boarded
—

12. City Where Visa Was Issued
—

13. Date Issued (DD/MM/YY)
—

14. Address While in the United States (Number and Street)
**12 BRASTOW DR**

15. City and State
**MEDFIELD MA 02052**

16. Telephone Number in the U.S. Where You Can be Reached

17. Email Address

CBP Form I-94 (05/08)

**8**

| 22. Occupation | 23. Waivers |
|---|---|
| 24. CIS A Number<br>A- *047 968 558* | 25. CIS FCO<br>*BOS* |
| 26. Petition Number | 27. Program Number |
| 28. ☐ Bond | 29. ☐ Prospective Student |

30. Itinerary/Comments

*Temp I-551*

*Document serves to facilitate*

*WORK & TRAVEL*

31. TWOV Ticket Number

☐ ☐ ☐ ☐    ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐

**Paperwork Reduction Act Statement:** An agency may not conduct or sponsor an information collection and a person is not required to respond to this information unless it displays a current valid OMB control number. The control number for this collection is 1651-0111. The estimated average time to complete this application is 8 minutes per respondent. If you have any comments regarding the burden estimate you can write to U.S. Customs and Border Protection, Asset Management, 1300 Pennsylvania Avenue, NW, Washington DC 20229

**9**



OMB No. 1651-0111

Upon endorsement, serves as temporary I-551 evidencing permanent residency.

Issue Date: **Nov 15, 2023**

Port/Officer: **BOS-2454**

EMPLOYMENT AUTHORIZED

Valid Until: **Nov 14, 2024**

C04046

27

USDHS

CBP

1. Family Name
CAKAN

2. First (Given) Name
CAGATAY

3. Birth Date (DD/MM/YY)
05 11 73

4. Country of Citizenship
TURKEY

5. Sex (Male or Female)
MALE

6. Passport Issue Date (DD/MM/YY)
02 09 20

7. Passport Expiration Date (DD/MM/YY)
02 09 30

8. Passport Number
U23539190

9. Airline and Flight Number
—

10. Country Where You Live
USA

11. Country Where You Boarded
—

12. City Where Visa Was Issued
—

13. Date Issued (DD/MM/YY)
—

14. Address While in the United States (Number and Street)
12 BRASTOW DR

15. City and State
MEDFIELD  MA  02052

16. Telephone Number in the U.S. Where You Can be Reached

17. Email Address

CBP Form I-94 (05/08)

**10**

| 22. Occupation | 23. Waivers |
|---|---|
| 24. CIS A Number<br>A- 047 968 558 | 25. CIS FCO<br>BOS |
| 26. Petition Number | 27. Program Number |
| 28. ☐ Bond | 29. ☐ Prospective Student |

30. Itinerary/Comments

Temp I-551

Document serves to facilitate

WORK & TRAVEL

31. TWOV Ticket Number

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Paperwork Reduction Act Statement:** An agency may not conduct or sponsor an information collection and a person is not required to respond to this information unless it displays a current valid OMB control number. The control number for this collection is 1651-0111. The estimated average time to complete this application is 8 minutes per respondent. If you have any comments regarding the burden estimate you can write to U.S. Customs and Border Protection, Asset Management, 1300 Pennsylvania Avenue, NW, Washington DC 20229

**11**



OMB No. 1651-0111

Upon endorsement, serves as temporary I-551 evidencing permanent residency.

Issue Date: **Dec 1, 2022**
Port/Officer: **BOS - 2454**
EMPLOYMENT AUTHORIZED
Valid Until **Nov 30, 2023**

C B P

CD4046

U S D H S

1. Family Name
**CAKAN**

2. First (Given) Name
**CAGATAY**

3. Birth Date (DD/MM/YY)
**05 11 73**

4. Country of Citizenship
**TURKEY**

5. Sex (Male or Female)
**MALE**

6. Passport Issue Date (DD/MM/YY)
**02 09 20**

7. Passport Expiration Date (DD/MM/YY)
**02 09 30**

8. Passport Number
**U 2353 9190**

9. Airline and Flight Number

10. Country Where You Live

11. Country Where You Boarded

12. City Where Visa Was Issued

13. Date Issued (DD/MM/YY)

14. Address While in the United States (Number and Street)
**12 BRASTOW DR**

15. City and State
**MEDFIELD MA 02052**

16. Telephone Number in the U.S. Where You Can be Reached

17. Email Address

CBP Form I-94 (05/08)

**12**

| 22. Occupation | 23. Waivers |
|---|---|
| 24. CIS A Number<br>A- 047 968 558 | 25. CIS FCO<br>BOS |
| 26. Petition Number | 27. Program Number |
| 28. ☐ Bond | 29. ☐ Prospective Student |

30. Itinerary/Comments

Temp I-551

Document serves to facilitate

WORK & TRAVEL

31. TWOV Ticket Number

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Paperwork Reduction Act Statement:** An agency may not conduct or sponsor an information collection and a person is not required to respond to this information unless it displays a current valid OMB control number. The control number for this collection is 1651-0111. The estimated average time to complete this application is 8 minutes per respondent. If you have any comments regarding the burden estimate you can write to U.S. Customs and Border Protection, Asset Management, 1300 Pennsylvania Avenue, NW, Washington DC 20229

**13**

# EXHIBIT

# D




## 2024 Form 1
MA24001011022
**Massachusetts Resident Income Tax Return**
FOR FULL YEAR RESIDENTS ONLY

For the year January 1–December 31, 2024 or other taxable
Year beginning                            Ending

CAGATAY          CAKAN
MELIKE           CAKAN
████████████         
MED FIELD                            MA 02052

Fill in if:    Amended return    Other jurisdiction change Enter date of change
               Federal amendment    Amended return due to IRS BBA Partnership Audit

| | | $1 You | $1 Spouse TOTAL |
|---|---|---|---|
| **State Election Campaign Fund:** | | You | Spouse |
| Fill in if veteran of Operations Enduring Freedom, Iraqi Freedom, Noble Eagle or Sinai Peninsula | | You | Spouse |
| Taxpayer deceased | | You | Spouse |
| Fill in if under age 18 | | You | Spouse |
| Fill in if name change | | You | Spouse |

a. Total federal income          157098     Fill in if noncustodial parent
b. Federal adjusted gross income 157098     Fill in if you are a custodial parent who has
                                            released claim to exemption for child(ren)

**1. Filing status** (select one only):     Fill in if not using same filing status on the federal return
                                            Fill in if filing Schedule TDS
                    Single                  Fill in if filing Schedule FCI
              X     Married filing jointly   Fill in if reporting crypto currency
                    Head of household
                    Married filing separate return    NRA
                    Fill in if joint filing exemption for spouse with Massachusetts gross income under $8,000

**2. Exemptions**

| | | | | | |
|---|---|---|---|---|---|
| a. Personal exemptions | | | | **2a** | 8800 |
| b. Number of dependents. (Do not include yourself or your spouse.) Enter number | | 2 | x $1,000 = **2b** | | 2000 |
| c. Age 65 or over before 2025 | You + | Spouse = | x $700 = **2c** | | |
| d. Blindness | You + | Spouse = | x $2,200 = **2d** | | |
| e. Medical/dental | | | | **2e** | 1571 |
| f. Adoption | | | | **2f** | |
| g. Total exemptions. Add items 2a through 2f. Enter here and on line 18 | | | | **2g** | 12371 |

**SIGN HERE. Under penalties of perjury, I declare that to the best of my knowledge and belief this return and enclosures are true, correct and complete.**

Your signature          Date          Spouse's signature          Date

████████@GMAIL.COM                              781-████████

PRIVACY ACT NOTICE AVAILABLE UPON REQUEST

03/13/2025 20:03:03                    UT24/1040-MA VERS 24.3.2




**2024 Form 1, pg. 2**
MA24001021022
Massachusetts Resident Income Tax Return

| | | | |
|---|---|---|---|
| 3. | Wages, salaries, tips | **3** | 160087 |
| 4. | Taxable pensions and annuities | **4** | |
| 5. | Mass. bank interest: | **= 5** | |
| 6a. | Business/profession  income/loss | **6a** | |
| 6b. | Farming income/loss | **6b** | |
| 7. | Rental, royalty and REMIC, partnership, S corp., trust income/loss | **7** | |
| 8a. | Unemployment | **8a** | |
| 8b. | Mass. lottery winnings | **8b** | |
| 9. | Other income from Schedule X, line **7** | **9** | |
| 10. | **TOTAL 5.0% INCOME** | **10** | 160087 |
| 11a. | Amount paid to Soc. Sec. Medicare, R.R., U.S. or Mass. Retirement | **11a** | |
| 11b. | Amount your spouse paid to Soc. Sec., Medicare, R.R., U.S. or Mass. Retirement | **11b** | |
| 12. | Reserved for future use | **12** | |
| 13. | Reserved for future use | **13** | |
| 14. | Rental deduction.  a. | ÷ 2 = **14** | |
| 15. | Other deductions from Schedule Y, line 19 | **15** | |
| 16. | **Total deductions.** Add lines 11 through 15 | **16** | |
| 17. | **5.0% INCOME AFTER DEDUCTIONS.** Subtract line 16 from line 10. Not less than "0" | **17** | 160087 |
| 18. | Exemption amount | **18** | 12371 |
| 19. | **5.0% INCOME AFTER EXEMPTIONS.** Subtract line 18 from line 17. Not less than "0" | **19** | 147716 |
| 20. | **INTEREST AND DIVIDEND INCOME** | **20** | |
| 21. | **TOTAL TAXABLE 5.0% INCOME.** Add lines 19 and 20 | **21** | 147716 |
| 22. | **TAX ON 5.0% INCOME. Note:** If choosing the optional 5.85% tax rate, fill in and multiply line 21 and the amount in Schedule D, line 21 by .0585 | **22** | 7386 |
| 23. | **INCOME FROM SCHEDULE B.** Not less than "0." | | |
| | a. | x .085 = **23a** | |
| | b. | x .12 = **23b** | |
| | **TOTAL TAX ON INCOME FROM SCHEDULE B.** Add lines 23a and 23b | **23** | |

BE SURE TO INCLUDE THIS PAGE WITH FORM 1, PAGE 1





**2024 Form 1, pg. 3**
MA24001031022
Massachusetts Resident Income Tax Return

| | | | | |
|---|---|---|---|---|
| 24. | **TAX ON LONG-TERM CAPITAL GAINS. Not less than "0."** Fill in if filing Schedule D-IS | | **24** | |
| | Fill in if any excess exemptions were used in calculating lines 20, 23 or 24 | | | |
| 25. | Credit recapture amount (from Credit Recapture Schedule) | | **25** | |
| 26. | Additional tax on installment sale | | **26** | |
| 27. | If you qualify for No Tax Status, fill in and enter "0" on line 28 | | | |
| 28. | **TOTAL INCOME TAX.** | | | |
| | a. Income tax. Add lines 22 through 26 | **28a** | **7386** | |
| | b. 4% Surtax. (from Schedule 4% Surtax, line 7) | **28b** | **0** | |
| | c. Total tax. Add lines 28a and 28b | | **28** | **7386** |
| 29. | Limited Income Credit | | **29** | |
| 30. | Income tax due to another state or jurisdiction | | **30** | |
| 31. | Other credits from Credit Manager Schedule | | **31** | |
| 32. | **INCOME TAX AFTER CREDITS.** Subtract the total of lines 29 through 31 from line 28. **Not less than "0"** | **32** | | **7386** |
| 33. | **Voluntary Contributions** | | | |
| | a. Endangered Wildlife Conservation | | **33a** | |
| | b. Organ Transplant Fund | | **33b** | |
| | c. Massachusetts Public Health HIV and Hepatitis Fund | | **33c** | |
| | d. Massachusetts U.S. Olympic Fund | | **33d** | |
| | e. Massachusetts Military Family Relief Fund | | **33e** | |
| | f. Homeless Animal Prevention and Care | | **33f** | |
| | Total. Add lines 33a through 33f | | **33** | |
| 34. | Use tax due on Internet, mail order and other out-of-state purchases | | **34** | **0** |
| 35. | Health care penalty a. You                + b. Spouse | | **35** | |
| 36. | **Amended return only.** Overpayment from original return | | **36** | |
| 37. | **INCOME TAX AFTER CREDITS PLUS CONTRIBUTIONS AND USE TAX.** Add lines 32 through 36 | | **37** | **7386** |
| 38. | a. Massachusetts income tax withheld from Form(s) W-2 | **38a** | | |
| | b. Massachusetts income tax withheld from Form(s) 1099 | **38b** | | |
| | c. Massachusetts income tax withheld from other forms | **38c** | | |
| | Total. Add lines 38a through 38c | | **38** | |

X00125987 03/13/2025 8:03 PM



**2024 Form 1, pg. 4**
MA24001041022
Massachusetts Resident Income Tax Return

| | | |
|---|---|---|
| **39.** | 2023 overpayment applied to your 2024 estimated tax | **39** |
| **40.** | 2024 Massachusetts estimated tax payments | **40** |
| **41.** | Payments made with extension | **41** |
| **42.** | **Amended return only.** Payments made with original return. Not less than "0" | **42** |
| **43.** | Earned Income Credit. a. Number of qualifying children     b. Amount from U.S. return     x .40 = | **43** |

**Note:** You cannot claim the Earned Income Credit if your filing status is married filing separately unless you qualify for an exception (see instructions). Fill in if you qualify for this exception

| | | |
|---|---|---|
| **44.** | Senior Circuit Breaker Credit | **44** |
| **45.** | Reserved for future use | **45** |
| **46.** | Child and Family Tax Credit | |
| | a.     x $440 = | **46** |
| **47.** | Other Refundable Credits | **47** |
| **48.** | **Total Refundable Credits.** Add lines 43 through 47 | **48** |
| **49.** | Excess Paid Family Leave Withholding | **49** |
| **50.** | **TOTAL.** Add lines 38 through 42 and lines 48 and 49 | **50** |
| **51.** | **Overpayment.** Subtract line 37 from line 50 | **51** |
| **52.** | Amount of overpayment you **want applied to your 2025 estimated tax** | **52** |
| **53.** | **Refund.** Subtract line 52 from line 51. Mail to: Massachusetts DOR, PO Box 7000, Boston, MA 02204 | **53** |

**Direct deposit of refund.** Type of account     checking     savings

RTN #     account #

| | | |
|---|---|---|
| **54.** | **Tax due. Pay online at www.mass.gov/dor/payonline.** Mail to: Mass. DOR, PO Box 7003, Boston, MA 02204 | **54** | **7386** |
| | Interest     Penalty     M-2210 amt. **334** | | EX enclose Form M-2210 |

May the Department of Revenue discuss this return with the preparer shown here?     **X**
I do not want preparer to file my return electronically     (this may delay your refund)     Paid preparer's

Print paid preparer's name     Date          Check if self-employed     SSN/PTIN
NAJMEH  TORABI     03132025     P01584191

Paid preparer's signature     Paid preparer's phone     Paid preparer's EIN
NAJMEH  TORABI     816-504-1665     26-1355294

BE SURE TO INCLUDE THIS PAGE WITH FORM 1, PAGE 1





**2024 Schedule B**
MA24010011022

CAGATAY            CAKAN            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

## Part 1. Interest and Dividend Income

| | | | |
|---|---|---|---|
| 1. | Total interest income | 1 | 11 |
| 2. | Total ordinary dividends | 2 | |
| 3. | Other interest and dividends not included above | 3 | |
| 4. | Total interest and dividends | 4 | 11 |
| 5. | Total interest from Massachusetts banks | 5 | |
| 6a. | Other interest and dividends to be excluded | 6a | |
| 6b. | Part-year/Nonresidents only | 6b | |
| 7. | Subtotal | 7 | 11 |
| 8. | Allowable deductions from your trade or business | 8 | |
| 9. | Subtotal | 9 | 11 |

## Part 2. Short-Term Capital Gains/Losses and Long-Term Gains on Collectibles

| | | |
|---|---|---|
| 10. | Massachusetts short-term capital gains | 10 |
| 11. | Massachusetts long-term capital gains on collectibles and pre-1996 installment sales | 11 |
| 12. | Massachusetts gain on the sale, exchange or involuntary conversion of property used in a trade or business and held for one year or less | 12 |
| 13a. | Add lines 10 through 12 | 13a |
| 13b. | Part-year/Nonresidents only | 13b |
| 13c. | Subtract line 13b from line 13a. Not less than 0 | 13c |
| 14. | Allowable deductions from your trade or business | 14 |
| 15. | Subtotal | 15 |
| 16. | Massachusetts short-term capital losses | 16 |
| 17. | Massachusetts loss on the sale, exchange or involuntary conversion of property used in a trade or business and held for one year or less | 17 |
| 18. | Prior short-term unused losses for years beginning after 1981 | 18 |




## 2023 Form 1
MA23001011022
Massachusetts Resident Income Tax Return
FOR FULL YEAR RESIDENTS ONLY

For the year January 1–December 31, 2023 or other taxable
Year beginning                    Ending

CAGATAY             CAKAN
MELIKE              CAKAN



MED FIELD                                    MA  02052

Fill in if:    Amended return    Other jurisdiction change Enter date of change
               Federal amendment    Amended return due to IRS BBA Partnership Audit

| | | | |
|---|---|---|---|
| State Election Campaign Fund: | | $1 You | $1 Spouse TOTAL |
| Fill in if veteran of Operations Enduring Freedom, Iraqi Freedom, Noble Eagle or Sinai Peninsula | | You | Spouse |
| Taxpayer deceased | | You | Spouse |
| Fill in if under age 18 | | You | Spouse |
| Fill in if name change | | You | Spouse |
| a. Total federal income | 137218 | Fill in if noncustodial parent | |
| b. Federal adjusted gross income | 137218 | Fill in if filing Schedule TDS | |

1. **Filing status** (select one only):    Single                    Fill in if filing Schedule FCI
   X  Married filing jointly                                          Fill in if reporting crypto currency
      Married filing separate return    NRA
      Head of household    You are a custodial parent who has released claim to exemption for child(ren)

2. **Exemptions**

| | | | | |
|---|---|---|---|---|
| a. Personal exemptions | | | **2a** | 8800 |
| b. Number of dependents. (Do not include yourself or your spouse.) Enter number | 2 | x $1,000 = | **2b** | 2000 |
| c. Age 65 or over before 2024   You + | Spouse = | x $700 = | **2c** | |
| d. Blindness   You + | Spouse = | x $2,200 = | **2d** | |
| e. Medical/dental | | | **2e** | |
| f. Adoption | | | **2f** | |
| g. Total exemptions. Add items 2a through 2f. Enter here and on line 18 | | | **2g** | 10800 |

SIGN HERE. Under penalties of perjury, I declare that to the best of my knowledge and belief this return and enclosures are true, correct and complete.

Your signature                    Date          Spouse's signature              Date

█████████@GMAIL.COM                                            781-████████

PRIVACY ACT NOTICE AVAILABLE UPON REQUEST

 

**2023 Form 1, pg. 2**
MA23001021022
Massachusetts Resident Income Tax Return

| | | | |
|---|---|---|---|
| 3. | Wages, salaries, tips | 3 | 137218 |
| 4. | Taxable pensions and annuities | 4 | |
| 5. | Mass. bank interest: a. — b. exemption | = 5 | |
| 6a. | Business/profession income/loss | 6a | |
| 6b. | Farming income/loss | 6b | |
| 7. | Rental, royalty and REMIC, partnership, S corp., trust income/loss | 7 | |
| 8a. | Unemployment | 8a | |
| 8b. | Mass. lottery winnings | 8b | |
| 9. | Other income from Schedule X, line 7 | 9 | |
| 10. | **TOTAL 5.0% INCOME** | 10 | 137218 |
| 11a. | Amount paid to Soc. Sec. Medicare, R.R., U.S. or Mass. Retirement | 11a | |
| 11b. | Amount your spouse paid to Soc. Sec., Medicare, R.R., U.S. or Mass. Retirement | 11b | |
| 12. | Reserved for future use | 12 | |
| 13. | Reserved for future use | 13 | |
| 14. | Rental deduction. a. ÷ 2 = 14 | | |
| 15. | Other deductions from Schedule Y, line 19 | 15 | |
| 16. | **Total deductions.** Add lines 11 through 15 | 16 | |
| 17. | **5.0% INCOME AFTER DEDUCTIONS.** Subtract line 16 from line 10. Not less than "0" | 17 | 137218 |
| 18. | Exemption amount | 18 | 10800 |
| 19. | **5.0% INCOME AFTER EXEMPTIONS.** Subtract line 18 from line 17. Not less than "0" | 19 | 126418 |
| 20. | **INTEREST AND DIVIDEND INCOME** | 20 | |
| 21. | **TOTAL TAXABLE 5.0% INCOME.** Add lines 19 and 20 | 21 | 126418 |
| 22. | **TAX ON 5.0% INCOME. Note:** If choosing the optional 5.85% tax rate, fill in and multiply line 21 and the amount in Schedule D, line 21 by .0585 | 22 | 6321 |
| 23. | **INCOME FROM SCHEDULE B. N**ot less than "0."<br>a. x .085 = **23a**<br>b. x .12 = **23b**<br>TOTAL TAX ON INCOME FROM SCHEDULE B. Add lines 23a and 23b | 23 | |

BE SURE TO INCLUDE THIS PAGE WITH FORM 1, PAGE 1

03/16/2024 12:42:43                    UT23/1040-MA VERS 23.3.2

**20**




## 2023 Form 1, pg. 3
MA23001031022
Massachusetts Resident Income Tax Return

| | | | |
|---|---|---|---|
| 24. | TAX ON LONG-TERM CAPITAL GAINS. Not less than "0." Fill in if filing Schedule D-IS | 24 | |
| | Fill in if any excess exemptions were used in calculating lines 20, 23 or 24 | | |
| 25. | Credit recapture amount (from Credit Recapture Schedule) | 25 | |
| 26. | Additional tax on installment sale | 26 | |
| 27. | If you qualify for No Tax Status, fill in and enter "0" on line 28 | | |
| 28. | **TOTAL INCOME TAX.** | | |
| | a. Income tax. Add lines 22 through 26  28a | 6321 | |
| | b. 4% Surtax. (from Schedule 4% Surtax, line 7)  28b | 0 | |
| | c. Total tax. Add lines 28a and 28b | 28 | 6321 |
| 29. | Limited Income Credit | 29 | |
| 30. | Income tax due to another state or jurisdiction | 30 | |
| 31. | Other credits from Credit Manager Schedule | 31 | |
| 32. | **INCOME TAX AFTER CREDITS.** Subtract the total of lines 29 through 31 from line 28. **Not less than "0"** 32 | | 6321 |
| 33. | **Voluntary Contributions** | | |
| | a. Endangered Wildlife Conservation | 33a | |
| | b. Organ Transplant Fund | 33b | |
| | c. Massachusetts Public Health HIV and Hepatitis Fund | 33c | |
| | d. Massachusetts U.S. Olympic Fund | 33d | |
| | e. Massachusetts Military Family Relief Fund | 33e | |
| | f. Homeless Animal Prevention and Care | 33f | |
| | Total. Add lines 33a through 33f | 33 | |
| 34. | Use tax due on Internet, mail order and other out-of-state purchases | 34 | 86 |
| 35. | Health care penalty a. You  + b. Spouse | 35 | |
| 36. | **Amended return only.** Overpayment from original return | 36 | |
| 37. | **INCOME TAX AFTER CREDITS PLUS CONTRIBUTIONS AND USE TAX.** Add lines 32 through 36 | 37 | 6407 |
| 38. | a. Massachusetts income tax withheld from Form(s) W-2  38a | | |
| | b. Massachusetts income tax withheld from Form(s) 1099  38b | | |
| | c. Massachusetts income tax withheld from other forms  38c | | |
| | Total. Add lines 38a through 38c | 38 | |





**2023 Form 1, pg. 4**
MA23001041022
Massachusetts Resident Income Tax Return

| | | |
|---|---|---|
| 39. | 2022 overpayment applied to your 2023 estimated tax | **39** |
| 40. | 2023 Massachusetts estimated tax payments | **40** |
| 41. | Payments made with extension | **41** |
| 42. | **Amended return only.** Payments made with original return. Not less than "0" | **42** |
| 43. | Earned Income Credit. a. Number of qualifying children     b. Amount from U.S. return       x .40 =**43** |
| | Note: You cannot claim the Earned Income Credit if your filing status is married filing separately unless you qualify for an exception (see instructions). Fill in if you qualify for this exception | |
| 44. | Senior Circuit Breaker Credit | **44** |
| 45. | Reserved for future use | **45** |
| 46. | Child and Family Tax Credit | |
| | a.                                                        x $310 =**46** | |
| 47. | Other Refundable Credits | **47** |
| 48. | **Total Refundable Credits.** Add lines 43 through 47 | **48** |
| 49. | Excess Paid Family Leave Withholding | **49** |
| 50. | **TOTAL.** Add lines 38 through 42 and lines 48 and 49 | **50** |
| 51. | **Overpayment.** Subtract line 37 from line 50 | **51** |
| 52. | Amount of overpayment you **want applied to your 2024 estimated tax** | **52** |
| 53. | **Refund.** Subtract line 52 from line 51. Mail to: Massachusetts DOR, PO Box 7000, Boston, MA 02204 | **53** |

**Direct deposit of refund.** Type of account          checking
                                                                          savings

RTN #                              account #

| | | |
|---|---|---|
| 54. | **Tax due. Pay online at www.mass.gov/dor/payonline.** Mail to: Mass. DOR, PO Box 7003, Boston, MA 02204 | **54** |

**6407**

Interest              Penalty                    M-2210 amt.

X   EX enclose
Form M-2210

May the Department of Revenue discuss this return with the preparer shown here?     X
I do not want preparer to file my return electronically            (this may delay your refund)

| Print paid preparer's name | Date              Check if self-employed | Paid preparer's SSN/PTIN |
|---|---|---|
| NAJMEH TORABI | 03162024 | P01584191 |
| Paid preparer's signature | Paid preparer's phone | Paid preparer's EIN |
| NAJMEH TORABI | 816-504-1665 | 26-1355294 |

BE SURE TO INCLUDE THIS PAGE WITH FORM 1, PAGE 1

 

**2023 Schedule DI**
MA23SDI011022

CAGATAY                    CAKAN                    ██████████

## Schedule DI. Dependent Information

NEHIR                      CAKAN                    ██████████
DAUGHTER                   Is dependent a qualifying child for earned income credit?    02042006
                           Is dependent disabled?

EMIR                       CAKAN                    ██████████
SON                        Is dependent a qualifying child for earned income credit?    12062007
                           Is dependent disabled?

                           Is dependent a qualifying child for earned income credit?
                           Is dependent disabled?

                           Is dependent a qualifying child for earned income credit?
                           Is dependent disabled?

                           Is dependent a qualifying child for earned income credit?
                           Is dependent disabled?

                           Is dependent a qualifying child for earned income credit?
                           Is dependent disabled?

                           Is dependent a qualifying child for earned income credit?
                           Is dependent disabled?

                           Is dependent a qualifying child for earned income credit?
                           Is dependent disabled?

                           Is dependent a qualifying child for earned income credit?
                           Is dependent disabled?

                           Is dependent a qualifying child for earned income credit?
                           Is dependent disabled?

Doc:1,508,990 08-23-2022 12:52
Ctf#:208227

MASSACHUSETTS STATE EXCISE TAX
Norfolk County Land Court
Date: 08-23-2022 @ 12:52pm
Ctl#: 335
Fee: $5,700.00  Cons: $1,250,000.00

WILLIAM P. O'DONNELL ASSISTANT RECORDER
NORFOLK COUNTY LAND COURT
RECEIVED & RECORDED ELECTRONICALLY

## MASSACHUSETTS QUITCLAIM DEED

We, **Todd Kathan and Rebecca Adams, being married to each other,** of Medfield, Massachusetts,

For consideration paid, and in full consideration of **One Million Two Hundred Fifty Thousand and 00/100 ($1,250,000.00) Dollars**

grant to **Melike Cakan and Cagatay Cakan,** wife and husband, as tenants by the entirety, now of ████████, Medfield, MA 02052,

#### with Quitclaim covenants

The land with the buildings thereon in Medfield, Norfolk County, Massachusetts shown as Lot 63 (excepting Brastow Drive) on a plan by Ernest W. Branch, Inc., Surveyors, dated October 25, 1983, as approved by the Land Court and filed in the Land Registration Office of the Land Court as Plan No. 6961J, a copy of a portion of which is filed with the Norfolk Registry District with Certificate of Title No. 117678 in Book 589.

Said Lot 63 is conveyed subject to the rights of the public and others entitled thereto in and to those portions of Lot 63 lying within the bounds of ████ Street.

There is appurtenant to the above described land the right to use the streets and ways as set forth in Document No. 448387.

Said Lot 63 is conveyed subject to and with the benefit of the easements, rights, reservations and restrictions set forth in Document No. 543276 and as shown on the plan filed therewith.

This conveyance is made subject to and with the benefit of restrictions and easements of record so far as now in force and applicable.

Meaning and intending to convey the same premises conveyed to the herein named Grantors by deed dated July 25, 2011 and recorded with Norfolk County Registry of Deeds, Land Court Registration Office, as Document No. 1230662, as noted on Certificate of Title No. 182743.

The signatories to this document hereby waive and release any and all rights of homestead to the subject property and further state under the pains and penalties of perjury that there are no others entitled to the right of homestead in subject property.

**24**



**CULA**
CREDIT UNION LEASING
*of AMERICA*

# CLOSED END VEHICLE LEASE AGREEMENT

(SIMPLE INTEREST) WTI GENERIC CLD NTF DMS 01/2020
(Assigned to CULA LLC.)

DEAL# 169690
CUST# 169690

This lease agreement ("Lease") is between the lessor listed at the bottom of the next page and the lessee listed immediately below. As used in this Lease the words "I", "me", or "my" refer to the lessee, "you" or "your" refer to the lessor and "we", "our" or "us" refer to both the lessee and lessor. I understand that the consumer lease disclosures made in this Lease are also made on behalf of **ROCKLAND FCU** and on behalf of CULA LLC. to whom you intend to assign this Lease.

Lessee Name(s) **CAGATAY CAKAN**                    Address: **MEDFIELD MA 02052**

1. **AGREEMENT TO LEASE.** I will lease the vehicle described below under this Lease ("Vehicle"). Our obligations begin when we have signed this Lease. If the Vehicle is not delivered to me when we sign, you will use your best efforts to deliver it as soon as practicable. The Lease Term continues until the expiration of the number of months set forth in Paragraph 2.G.(8) from execution of the Lease ("Lease Term").

| New or Used | Year | Make | Model | Color | Vehicle Identification Number | Odometer | License Number |
|---|---|---|---|---|---|---|---|
| NEW | 2023 | JEEP | COMPASS | WHITE | | 12 | |

2. **FEDERAL CONSUMER LEASING ACT DISCLOSURES.**

| A. Amount Due at Lease Signing or Delivery (Itemized below)* | B. Monthly Payments | C. Other Charges (not part of my Monthly Payment) | D. Total of Payments ** (The amount I will have paid to you by the end of the Lease) |
|---|---|---|---|
| $ 5884.27 | I will make **36** Monthly Payments under this Lease. My first Monthly Payment of $ **509.27** is due when the Lease is signed. The second and subsequent Monthly Payments in the same amount** will be due commencing **05/11/2023** and on the same day of each succeeding month. The total of my Monthly Payments for the whole Lease Term is $ **18333.72** ** | Turn-in Fee (if I do not purchase the Vehicle) $ **450.00**   Total $ **450.00** | $ **24158.72** |

*Itemization of Amount Due at Lease Signing or Delivery

| E. Amount Due at Lease Signing or Delivery: | | | F. How the Amount Due at Lease Signing or Delivery will be paid: | | |
|---|---|---|---|---|---|
| (1) Capitalized Cost Reduction | $ | 5250.00 | (1) Net Trade-In Allowance | $ | N/A |
| (2) Tax on Capitalized Cost Reduction | $ | N/A | (2) Rebates and Non-cash Credits | $ | 3250.00 |
| (3) First Monthly Payment | $ | 509.27 | (3) Amounts to Be Paid in Cash | $ | 2634.27 |
| (4) Current Year Registration/License Fees/Title Fees | $ | N/A | | | |
| (5) DOC FEE AND TAX | $ | 125.00 | | | |
| (6) Total | $ | 5884.27 | (4) Total | $ | 5884.27 |

**G. My Monthly Payment is Determined as Shown Below:**

| | | |
|---|---|---|
| (1) Gross Capitalized Cost. The agreed upon value of the Vehicle ($ **39476.00** ) and any items I pay for over the Lease Term (such as service contracts, insurance, and any outstanding prior credit or lease balance) . . . . . . . . . . . . . . . . . . . . . .   If I want an itemization of this amount, I may check this box. ☐ | $ | 40471.00 |
| (2) Capitalized Cost Reduction. The amount of any Net Trade In Allowance, Rebate, Non-cash Credit or Cash I pay that reduces the Gross Capitalized Cost . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | − $ | 5250.00 |
| (3) Adjusted Capitalized Cost. The amount used in calculating my Base Monthly Payment . . . . . . . . . . . . . . . . . . . . . . | = $ | 35221.00 |
| (4) Residual Value. The value of the Vehicle at the end of the Lease used in calculating my Base Monthly Payment . . . . . . . . . . . | − $ | 22995.80 |
| (5) Depreciation and any Amortized Amounts. The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term as part of the Base Monthly Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | = $ | 12225.20 |
| (6) Rent Charge. The amount charged in the Base Monthly Payments in addition to the Depreciation and any Amortized Amounts | + $ | 5029.96 |
| (7) Total of Base Monthly Payments. The Depreciation and any Amortized Amounts plus the Rent Charge . . . . . . . . . . . . . . . . | = $ | 17255.16 |
| (8) Lease Payments. The number of payments in my Lease . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ÷ | 36 |
| (9) Base Monthly Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | = $ | 479.31 |
| (10) Monthly Sales/Use Tax . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | + $ | 29.96 ** |
| (11) **N/A** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | + $ | N/A |
| (12) Total Monthly Payment ("Monthly Payment") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | = $ | 509.27 .** |

H. **Early Termination.** I may have to pay a substantial charge if I end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier I end the Lease, the greater the charge is likely to be.

I. **Excessive Wear and Use.** I may be charged for excessive wear based on your standards for normal use and for mileage in excess of ☐ 15,000 miles ☒ 10000 miles per year at the rate of **15¢** per mile if the Residual Value is less than **$20,000. 20¢** per mile if the Residual Value is between **$20,000** and **$25,000. 25¢** per mile if the Residual Value exceeds **$25,000.**

J. **Purchase Option at End of Lease Term.** I have the option to purchase the Vehicle AS IS, WHERE IS, at the end of the Lease Term for the Residual Value set forth in Section 2.G.4 which is the Lease Balance as described in Paragraph 5 assuming all payments are made on the exact scheduled date, plus a Purchase Option Fee of $450 and applicable official fees and taxes.

K. **Other Important Terms.** See all pages of this Lease for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and Default charges, insurance, and any security interest, if applicable.

**These amounts are estimates because they are based on current tax rates.

WTI GENERIC CLD NTF DMS 01/2020

79486*1*VM**25**

LESSEE(S) INITIALS (____) (N/A)
PAGE 1 OF 4
04/11/2023  06:37 pm



**TOWN OF MEDFIELD 2025 FISCAL YEAR REAL ESTATE TAX**   *3rd Quarter Actual*

2025
**COLLECTORS COPY**
*Return this portion with your payment*

| Make check payable to: | Mail to: |
|---|---|
| Town of Medfield | Town of Medfield |
| | Collector's Office |
| | 459 Main St |
| | MEDFIELD, MA 02052 |

Tax Collector: Georgia K. Colivas
Office Hours: M - W - Thurs. 8:30 am - 4:30 pm
Tues 8:30 am to 7:30 pm
Fri 8:30 am to 1:00 pm
*See reverse side for important information.*

| Class | Residential | Open Space | Commercial | Industrial |
|---|---|---|---|---|
| Tax/$1000 | 13.80 | 13.80 | 13.80 | 13.80 |

Interest at the rate of 14% per annum will accrue on overdue payments until payment is made

Current Owner of Parcel:
CAKAN MELIKE
CAKAN CAGATAY
MEDFIELD, MA 02052

January 1st Owner of Parcel:
CAKAN MELIKE

**Property Information**

| Land Area | 25,387 Square Feet |
|---|---|
| Class | Value |
| 101 | 1,040,600 |

Total Taxable Valuation: 1,040,600

**Special Assessments**

| Bill No. | Bill Date | Fiscal Year |
|---|---|---|
| 102092 | 12/31/2024 | 2025 |

Property Description and Location
Location:
Parcel: 41-112

| Total Real Estate Tax | 14,360.28 |
|---|---|
| Total | 14,360.28 |
| Total Preliminary Tax | 7,123.50 |
| Payments Made | 7,123.50 |
| 3rd Quarter Tax Due by Feb 3, 2025 | 3,618.39 |

**Total Due February 03, 2025:    3,618.39**

To avoid interest and penalties, your payment must be received at the Collector's Office before 4:30 on Monday, February 3, 2025

2025
**TOWN OF MEDFIELD FISCAL YEAR 2025 REAL ESTATE TAX**    *3rd Quarter Actual*    **TAXPAYER RECEIPT**
*Retain for your records*

| Make check payable to: | Mail to |
|---|---|
| Town of Medfield | Town of Medfield |
| | Collector's Office |
| | 459 Main St |
| | MEDFIELD, MA 02052 |

Tax Collector: Georgia K. Colivas
Office Hours: M - W - Thurs. 8:30 am - 4:30 pm
Tues 8:30 am to 7:30 pm
Fri 8:30 am to 1:00 pm
*See reverse side for important information.*

| Class | Residential | Open Space | Commercial | Industrial |
|---|---|---|---|---|
| Tax/$1000 | 13.80 | 13.80 | 13.80 | 13.80 |

Current Owner of Parcel:
CAKAN MELIKE
CAKAN CAGATAY
MEDFIELD, MA 02052

January 1st Owner of Parcel:
CAKAN MELIKE

**Property Information**

| Land Area | 25,387 Square Feet |
|---|---|
| Class | Value |
| 101 | 1,040,600 |

Total Taxable Valuation: 1,040,600

**Special Assessments**

| Bill No. | Bill Date | Fiscal Year |
|---|---|---|
| 102092 | 12/31/2024 | 2025 |

Property Description and Location
Location:
Parcel: 41-112

| Total Real Estate Tax | 14,360.28 |
|---|---|
| Total | 14,360.28 |
| Total Preliminary Tax | 7,123.50 |
| Payments Made | 7,123.50 |
| 3rd Quarter Tax Due by Feb 3, 2025 | 3,618.39 |

**Total Due February 03, 2025:    3,618.39**

## Town of Medfield

Pay Your Tax Bill Online!

Please go to www.town.medfield.net and click on online bill pay.

Additional fees apply for credit card and on-line transactions. Please refer to the on-line fee schedule at

www.town.medfield.net. It's convenient and secure. For more information, please contact Georgia K. Colivas,

Treasurer/Collector at 508-906-3020

**26**

**TOWN OF MEDFIELD 2024 FISCAL YEAR REAL ESTATE TAX**    *3rd Quarter Actual*

2024
**COLLECTORS COPY**

Return this portion with your payment

| Bill No. | Bill Date | Fiscal Year |
|---|---|---|
| 102092 | 12/31/2023 | 2024 |

| Make check payable to: | Mail to: |
|---|---|
| Town of Medfield | Town of Medfield Collector's Office 459 Main St MEDFIELD, MA 02052 |

Tax Collector: Georgia K. Colivas
Office Hours  M - W - Thurs 8:30 am - 4:30 pm
Tues 8:30 am to 7:30 pm
Fri 8:30 am to 1:00 pm

*See reverse side for important information.*

| Class Tax/$1000 | Residential | Open Space | Commercial | Industrial |
|---|---|---|---|---|
| | 14.64 | 14.64 | 14.64 | 14.64 |

Interest at the rate of 14% per annum will accrue on overdue payments until payment is made

**Property Information**

Land Area  25,387 Square Feet
Class  101
Value  949,800

Total Taxable Valuation  949,800

**Special Assessments**

Property Description and Location
Location
Parcel 41-112

| Total Real Estate Tax | 13,905.07 |
|---|---|

| Total | 13,905.07 |
| Total Preliminary Tax | 6,479.00 |
| Payments Made | 6,479.00 |
| 3rd Quarter Tax Due by Feb 1, 2024 | 3,713.04 |

**Current Owner of Parcel:**
CAKAN MELIKE
CAKAN CAGATAY

MEDFIELD, MA 02052

**January 1st Owner of Parcel:**
CAKAN MELIKE

| **Total Due February 01, 2024:** | **3,713.04** |
|---|---|

To avoid interest and penalties, your payment must be received at the Collector's Office before 4:30 on Thursday, February 1, 2024

---

**TOWN OF MEDFIELD FISCAL YEAR 2024 REAL ESTATE TAX**    *3rd Quarter Actual*

2024
**TAXPAYER RECEIPT**
Retain for your records

| Bill No. | Bill Date | Fiscal Year |
|---|---|---|
| 102092 | 12/31/2023 | 2024 |

| Make check payable to: | Mail to: |
|---|---|
| Town of Medfield | Town of Medfield Collector's Office 459 Main St MEDFIELD, MA 02052 |

Tax Collector: Georgia K. Colivas
Office Hours  M - W - Thurs 8:30 am - 4:30 pm
Tues 8:30 am to 7:30 pm
Fri 8:30 am to 1:00 pm

*See reverse side for important information.*

| Class Tax/$1000 | Residential | Open Space | Commercial | Industrial |
|---|---|---|---|---|
| | 14.64 | 14.64 | 14.64 | 14.64 |

**Current Owner of Parcel:**
CAKAN MELIKE
CAKAN CAGATAY

MEDFIELD, MA 02052

**January 1st Owner of Parcel:**
CAKAN MELIKE

**Property Information**

Land Area  25,387 Square Feet
Class  101
Value  949,800

Total Taxable Valuation  949,800

**Special Assessments**

Property Description and Location
Location
Parcel 41-112

| Total Real Estate Tax | 13,905.07 |
|---|---|

| Total | 13,905.07 |
| Total Preliminary Tax | 6,479.00 |
| Payments Made | 6,479.00 |
| 3rd Quarter Tax Due by Feb 1, 2024 | 3,713.04 |

| **Total Due February 01, 2024:** | **3,713.04** |
|---|---|

---

**Town of Medfield**

Pay Your Tax Bill Online!

Please go to www.town.medfield.net and click on online bill pay.

Additional fees apply for credit card and on-line transactions. Please refer to the on-line fee schedule at

www.town.medfield.net  It's convenient and secure. For more information, please contact Georgia K. Colivas,

Treasurer/Collector at 508-906-3020

**27**

**TOWN OF MEDFIELD 2023 FISCAL YEAR REAL ESTATE TAX**    *4th Quarter Actual*

2023
**COLLECTORS COPY**

Return this portion with your payment

| Make check payable to: | Mail to: |
|---|---|
| Town of Medfield | Town of Medfield<br>Collector's Office<br>459 Main St<br>MEDFIELD, MA 02052 |

Tax Collector: Georgia K. Colivas
Office Hours: M - W - Thurs. 8:30 am - 4:30 pm
Tues 8:30 am to 7:30 pm
Fri 8:30 am to 1:00 pm

*See reverse side for important information*

| Class | Residental | Open Space | Commercial | Industrial |
|---|---|---|---|---|
| Tax/$1000 | 15.43 | 15.43 | 15.43 | 15.43 |

Interest at the rate of 14% per annum will accrue on overdue payments until payment is made.

**Current Owner of Parcel:**
CAKAN MELIKE
CAKAN CAGATAY

MEDFIELD, MA 02052

**Property Information**

| | |
|---|---|
| Land Area | 25,387 Square Feet |
| Class | Value |
| 101 | 824,300 |

Total Taxable Valuation: 824,300

**Special Assessments**

| Bill No. | Bill Date | Fiscal Year |
|---|---|---|
| 102092 | 03/31/2023 | 2023 |

Property Description and Location
Location
Parcel 41-112

| | |
|---|---|
| Total Real Estate Tax | 12,718.95 |
| Total | 12,718.95 |
| Total Preliminary Tax | 6,408.75 |
| Payments Made | 9,563.85 |
| 4th Quarter Tax Due by May 1, 2023 | 3,155.10 |

**Total Due May 01, 2023:**    **3,155.10**

**January 1st Owner of Parcel:**
KATHAN,TODD

To avoid interest and penalties, your payment must be received at the Collector's Office before 4:30 on Monday, May 1, 2023

---

**TOWN OF MEDFIELD FISCAL YEAR 2023 REAL ESTATE TAX**    *4th Quarter Actual*

2023
**TAXPAYER RECEIPT**
Retain for your records

| Make check payable to: | Mail to: |
|---|---|
| Town of Medfield | Town of Medfield<br>Collector's Office<br>459 Main St, MEDFIELD, MA 02052 |

Tax Collector: Georgia K. Colivas
Office Hours: M - W - Thurs. 8:30 am - 4:30 pm
Tues 8:30 am to 7:30 pm
Fri 8:30 am to 1:00 pm

*See reverse side for important information*

| Class | Residental | Open Space | Commercial | Industrial |
|---|---|---|---|---|
| Tax/$1000 | 15.43 | 15.43 | 15.43 | 15.43 |

**Current Owner of Parcel:**
CAKAN MELIKE
CAKAN CAGATAY

MEDFIELD, MA 02052

**Property Information**

| | |
|---|---|
| Land Area | 25,387 Square Feet |
| Class | Value |
| 101 | 824,300 |

Total Taxable Valuation: 824,300

**Special Assessments**

| Bill No. | Bill Date | Fiscal Year |
|---|---|---|
| 102092 | 03/31/2023 | 2023 |

Property Description and Location
Location
Parcel 41-112

| | |
|---|---|
| Total Real Estate Tax | 12,718.95 |
| Total | 12,718.95 |
| Total Preliminary Tax | 6,408.75 |
| Payments Made | 9,563.85 |
| 4th Quarter Tax Due by May 1, 2023 | 3,155.10 |

**Total Due May 01, 2023:**    **3,155.10**

**January 1st Owner of Parcel:**
KATHAN,TODD

---

## Town of Medfield

Pay Your Tax Bill Online!

Please go to www.town.medfield.net and click on online bill pay.

Additional fees apply for credit card and on-line transactions. Please refer to the on-line fee schedule at

www.town.medfield.net. It's convenient and secure. For more information, please contact Georgia K. Colivas,

Treasurer/Collector at 508-906-3020

**MOTOR VEHICLE PURCHASE CONTRACT**

MERCEDES-BENZ OF WESTWOOD
425 PROVIDENCE HIGHWAY
WESTWOOD, MA 02090
781/691 5944

EMAIL MDCAKAN@GMAIL.COM

DEAL# 1703302
CUST# 365754

| PURCHASER'S NAME | | DATE | STOCK NO. | SALES PERSON |
| --- | --- | --- | --- | --- |
| CAGATAY CAKAN | | 08/24/2022 | NA804395 | MATTHEW WAUGH |

STREET ADDRESS — CITY/STATE/ZIP: MEDFIELD MA 02052 1309

| HOME PHONE | CELL PHONE | BUSINESS PHONE |
| --- | --- | --- |
| 781-493-2521 | 781 | |

CO-PURCHASER'S NAME | HOME PHONE | CELL PHONE | BUSINESS PHONE

| QUANTITY | NEW ☒ USED ☐ | FORMER USE (if applicable) | DEMO ☐ LEASED USED ☐ | POLICE ☐ RENTAL ☐ | REBUILT INSURANCE TOTAL ☐ TAXI ☐ |
| --- | --- | --- | --- | --- | --- |
| 1 | | | | | |

| Year | Make | Model Name | Body Style/Type | Model No | Transmission | Speeds | Cyls | Pass | Doors |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2022 | MERCEDES BEN | GL350 4MATIC | SUV | GLE350W4 | Standard ☐ Automatic ☒ | | 4 | 5 | 4 |

| VIN | Color | Interior | Top | Odometer |
| --- | --- | --- | --- | --- |
| 4JGFB4KB | 1st 2nd 3rd 040/Black | 1st 2nd 3rd | | 22 |

| | | |
| --- | --- | --- |
| 1 | Sale Price of Vehicle | $ 64470.00 |
| 2 | Less Discount | $ NONE |
| 3 | Less Rebate | $ NONE |
| 4 | Total Sale Price Before Trade In | $ 64470.00 |
| 5 | Trade In Allowance | $ NONE |
| 6 | Trade Difference | $ 64470.00 |
| | **Additional Equipment (taxable)** | |
| 7 | N/A | $ NONE |
| 8 | AUTOBAHND | $ 2599.00 |
| 9 | N/A | $ NONE |
| 10 | N/A | $ NONE |
| 11 | N/A | $ NONE |
| 12 | N/A | $ NONE |
| 13 | N/A | $ NONE |
| 14 | N/A | $ NONE |
| 15 | Total Sales Price | $ 67069.00 |
| 16 | Sales Tax | $ 4222.75 |
| | **Other Products** | |
| 17 | Extended Service Contract | $ 2324.00 |
| 18 | MBFS Maint | $ 4325.00 |
| 19 | MBFS GAP | $ 1200.00 |
| 20 | | $ NONE |
| 21 | | $ NONE |
| 22 | MBFS RdHzd | $ 2705.00 |
| 23 | | $ NONE |
| 24 | INSPECTION STICKER | $ 35.00 |
| 25 | TITLE FEE | $ 75.00 |
| 26 | DOCUMENT PREP | $ 495.00 |
| 27 | REGISTRATION FEES | $ 60.00 |
| 28 | Total Contract Sales Price | $ 82510.75 |
| 29 | Balance Due on Trade In | $ NONE |
| 30 | Total Payment Due | $ 82510.75 |
| 31 | Deposit | $ NONE |
| 32 | Amount to Be Financed | $ 52510.75 |
| 33 | Cash Due on Delivery | $ 30000.00 |
| 34 | Total Payments | $ 82510.75 |

TRADE-IN 1 — Year / Make / Model / Color / V.I.N. / Odometer / Transmission ☐ Standard (speeds) ☐ Auto / No. of Cyl / Pass / Doors / Imported Title Yes __ No __

TRADE-IN 2 — Year / Make / Model / Type / Color / V.I.N. / Odometer / Transmission ☐ Standard (Speeds) ☐ Auto / No. of Cyl / Pass / Doors / Imported Title Yes __ No __

LIENHOLDER — Phone / Address / City/State/Zip / Acct No. / Check No. — Balance Due $ N/A

LIENHOLDER — Phone / Address / City/State/Zip / Acct No. / Check No. — Balance Due $ N/A

**Additional Information Vehicle Purchased**

| LIENHOLDER | INSURANCE CO |
| --- | --- |
| BANK OF AMERICA | |
| Address: PO BOX 2759 | Agent Branch |
| City: JACKSONVILLE | Address |
| State: FL Zip: 32203 | City / State / Zip |

**WARRANTY INFORMATION**

This vehicle carries an express warranty. You may obtain a written copy of such warranty from the dealer upon request.

IN THE EVENT PURCHASER WISHES TO CANCEL THIS CONTRACT AFTER RECEIVING A COPY OF THE CONTRACT SIGNED BY AN AUTHORIZED DEALER REPRESENTATIVE, OR PURCHASER BREACHES THE CONTRACT, PURCHASER'S DEPOSIT IN THE AMOUNT OF $ 30000.00 MAY BE RETAINED BY DEALER AS LIQUIDATED DAMAGES. AS AN ALTERNATIVE, THE DEALER MAY ELECT TO EXERCISE OTHER LEGAL REMEDIES OR RIGHTS AND SEEK COMPENSATORY DAMAGES FOR PURCHASER'S WRONGFUL CANCELLATION OR BREACH.

PURCHASER'S INITIALS [ _____ ]   CO-PURCHASER'S INITIALS [ N/A ]

This contract is not binding upon either Dealer or Purchaser until the following conditions are met:

(1) The contract is signed by Dealer or his/her authorized representative.

(2) Purchaser provides Dealer with valid transfer of title for his/her trade-in vehicle. An "impaired title" is not acceptable unless disclosed in writing to Dealer by marking the appropriate designation within this contract before it is executed. "Impaired title" includes but is not limited to any title with a designation that the vehicle has had frame damage or it has previously been deemed "salvaged."

CUSTOMER ACKNOWLEDGES THAT THE DEPOSIT IS **NON-REFUNDABLE**. PURCHASER MAY CANCEL THIS CONTRACT AT ANY TIME BEFORE IT IS SIGNED BY AN AUTHORIZED DEALER REPRESENTATIVE, HOWEVER, THE DEPOSIT WILL NOT BE REFUNDED TO THE CUSTOMER. PURCHASER MUST GIVE WRITTEN NOTICE OF CANCELLATION TO THE DEALER.

The front and back of this order comprise the entire agreement or understanding that has been made or entered into. Purchaser represents and agrees that she has read and understands the contents on this motor vehicle purchase contract. Purchaser acknowledges receipt of a signed copy of this motor vehicle purchase contract.

Purchaser's Signature

N/A
Co-Purchaser's Signature

Approved Authorized Dealer Representative

**If this contract covers a used car, the information you see on the window for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

ATTENTION PURCHASER If you have mechanical or operating problems or if this vehicle does not pass a Massachusetts safety inspection within seven days of purchase, you should notify the dealer immediately. He may be required to fix the vehicle or refund your money. This vehicle is covered by the implied warranties of merchantability and fitness for a particular purpose. THESE IMPLIED WARRANTIES ARE IN ADDITION TO ANY OTHER WARRANTIES GIVEN BY THE DEALER.

All provisions of this contract that are prohibited by applicable law shall be ineffective solely to the extent of such prohibition without invalidating the other provisions of this contract. In the event that the Purchaser and the Seller enter into a retail installment contract for the financing of the purchase of the vehicle, the terms of the retail installment contract will control any inconsistencies between this contract and the retail installment contract.

50839*1*MA332S FI